UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-116-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER REGARDING DEFENDANT'S IN CAMERA SEALING REQUEST CONCERNING THE SENTENCE HE DESIRES** |
| JOSEPH RYAN, | |
| Defendant. | |

On May 27, 2016, Defendant emailed chambers his in camera request to have filed under seal the following documents: (1) Exhibit B—his neuropsychological evaluation; and (2) Exhibit C—two pages from his hospital records. Defendant references these exhibits in his Amended Objection to his Presentence Report (PSR), filed on the public docket as ECF No. 109, as having been filed under seal. His Amended Objection includes the following argument:

> Mr. Ryan qualifies for a diminished capacity departure because he committed the offense while suffering a significantly reduced mental capacity because he is borderline intellectually disabled . . . . (*See Exhibits B & C*)
>
> The diminished capacity departure should account for his significantly reduced mental capacity. His significantly reduced mental capacity contributed substantially to the commission of the offense because his brain injury and poor cognitive functioning significantly impaired [his] judgments about what occurred in his daily activities.

1

> Diminished capacity is met because Mr. Ryan has a significantly impaired ability to exercise the power of reason, as is documented in his school records and recent assessment, which demonstrated that he is borderline intellectually disabled. This information also supports a variance from the guideline range.

(Def.'s Objection to His PSR 3:3-20, ECF No. 109.)

Defendant further argues in his public sealing notice that the "neuropsychological evaluation (*Exhibit B*) and [the referenced two pages from his] medical records (*Exhibit C*)" "contain [his] private medical history that is not for public record and cannot be easily redacted without losing material information." (Def.'s Pub. Sealing Notice 1:17-21, ECF No. 107.)

Defendant also filed on the public docket as ECF No. 107-1 his "Proposed Order to Seal Documents," which would grant the sealing request as follows:

> IT IS HEREBY ORDERED that the Request to Seal be granted and that the neuropsychological evaluation by Dr. Khazanov (Exhibit B) and medical records (Exhibit C), be filed under seal because they contain defendant's private medical information. The Assistant United States Attorney Michelle Rodriguez and Probation Officer, Carol Chavez are permitted access to this document.

(ECF No. 107-1.) This proposed order does not explain whether the information in the documents Defendant seeks to have sealed could be discussed in a publicly filed sentencing brief and in a courtroom open to the public. Generally, the public is not excluded from "sentencing proceedings." United States v. Rivera, 682 F.3d 1223, 1228 (9th Cir. 2012). "The presence of the public at sentencing reminds the participants, especially the judge, that the consequences of their actions extend to the broader

1  community." Id. at 1230.

2  Before closure or secrecy could be authorized in
3  connection with a sentencing proceeding, the proponent of secrecy
4  must "articulate[] compelling reasons [justifying secrecy which
5  are] supported by [facts sufficient to constitute] specific
6  factual findings," which are required to justify sealing,
7  redaction and/or closure of a proceeding. Foltz v. State Farm
8  Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

9  "When ruling on a motion to seal court records, the
10 district court must balance the competing interests of the public
11 and the party seeking to seal judicial records." In re Midland
12 Nat. Life Ins. Co. Annuity Sales Practices Litig. ("In re Midland
13 Nat."), 686 F.3d 1115, 1119 (9th Cir. 2012) (internal citations
14 and quotations omitted); see also PCT Int'l Inc. v. Holland
15 Elecs. LLC, No. CV-12-01797-PHX-JAT, 2014 WL 4722326, at *5 (D.
16 Ariz. Sept. 23, 2014) ("[T]he Court has an independent duty to
17 follow the binding [secrecy and sealing] law of the Ninth Circuit
18 Court of Appeals, [and] the Court [should] not permit sealed
19 documents absent the requisite showing [under a sealing
20 doctrine]."). *To seal records, the district court must*
21 *"articulate[] compelling reasons supported by specific factual*
22 *findings" to seal, "without relying on hypothesis or conjecture."*
23 Foltz, 331 F.3d at 1135 (citations and internal quotations
24 omitted, and emphasis added). "Unless a particular court record
25 is one traditionally kept secret, a strong presumption [exists]
26 in favor of [public] access [to a document]. A party seeking to
27 seal a judicial record [therefore] bears the burden of overcoming
28 this strong presumption by meeting the compelling reasons

3

standard." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). "[T]he weight to be given the presumption of access [is] governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." IDT Corp. v. eBay, 709 F.3d 1220, 1224 (8th Cir. 2013) (internal citations and quotation omitted).

Defendant's conclusory argument that the referenced exhibits "contain the defendant's private medical history that is not for public record[,]" (ECF No. 107), does not provide sufficient reason to justify the requested sealing. "[A] formulaic recitation of a privacy interest will not suffice to justify sealing." United States v. King, No. 10 CR 122 JGK, 2012 WL 2196674, at *4 (S.D.N.Y. June 15, 2012) (denying defendant's request to file under seal "records relate[d] to medical conditions that the Court ha[d] been asked to consider in arriving at the sentence . . . [that were] neither extensive, nor . . . delve[d] into extraneous matters"); see United States v. Sattar, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006) (indicating that when applying the presumptive common law right of access to a psychiatric report submitted to influence a judge's sentencing decision, an evaluation is involved concerning whether "the interests of personal privacy . . . are sufficiently compelling to overcome the presumption of access").

Even where a measure of secrecy is appropriate, a "guiding principle . . . is that as much information as possible should remain accessible to the public and no more should be

4

sealed than absolutely necessary." Lahrichi v. Lumera Corp., No. C04-2124C, 2007 WL 1521222, at *2 (W.D. Wash. May 22, 2007); Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991) (stating that "[t]he trial court should only seal that part of its findings that is necessary to protect [what should be secret]"). Consistent with this principle, "courts have recognized [certain shown privacy interests] that may call for redaction of the materials or withholding of disclosure outright." United States v. Bus. of Custer Battlefield Museum & Store, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011). Although Defendant asserts he cannot easily make redactions "without losing material information," (ECF No. 107), he has neither shown what "material information" would be lost, nor that the interests of documents being filed on the public docket and proceedings being open to the public are outweighed by his interests in sealing the exhibits. See In re Midland Nat., 686 F.3d at 1119.

Since Defendant has not justified his sealing request, it is denied. Therefore, the documents submitted for sealing are treated as having been returned to Defendant so that he can decide how to proceed in light of this ruling. See generally Local Rule 141(e)(1) (prescribing that if a sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied"); United States v. Big Leggins, 375 F. App'x 692, 693 (9th Cir. 2010) (indicating that the district court had authority to issue the directive that defendant "could either withdraw the report or resubmit it in redacted form"); United States v. Baez-Alcaino, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating

that when a judge denies a sealing request the party submitting the request then decides how to proceed in light of the ruling).

Dated:  July 7, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge